**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER MAURICE BELL,

        Plaintiff,

v.

                                    Case No. 3:26-cv-114-WWB-SJH

JACKSONVILLE SHERIFF'S OFFICE, et al,

        Defendant.

_____

## <u>ORDER</u>

Plaintiff initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff appears to sue[2] the following Defendants: (1) the Jacksonville Sheriff's Office ("**JSO**"); (2) State of Florida Office of the State Attorney; (3) Police Officer S.A. Willow; and (4) Kelli Lynn Shobe.  (*Id.* at 2, 3).  Plaintiff alleges he was "kidnapped" and subject to a false arrest on October 29, 2025, and then subjected to a malicious prosecution.  (*Id.* at 5–6).  As relief, Plaintiff seeks monetary damages.  (*Id.* at 6).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both

---

[1] As Plaintiff has not paid the filing fee, the Court presumes Plaintiff's desire to proceed in forma pauperis.

[2] While Plaintiff only names two Defendants in Section I.B. of the Complaint, he also lists the other two Defendants on another page.

contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

Here, Plaintiff's complaint is subject to dismissal under the PLRA for his failure to state a plausible claim under § 1983. Based on Plaintiff's allegations, it appears his primary claims are for false arrest and malicious prosecution against the arresting officer and state attorney who filed the charging Information. (*See* Doc. 1 at 5–6). He does not specify why he names JSO or the Office of the State Attorney as separate Defendants (if he even intended to do so). Regardless, even if true that an individual police officer violated Plaintiff's constitutional rights, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (citing *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir.

2

1992)).  Similarly, the Office of the State Attorney is a state agency not subject to suit under § 1983.  *See Smith v. Deal*, 760 F. App'x 972, 975 (11th Cir. 2019) ("[S]tate agencies are not subject to suit under section 1983." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71 (1989))); *Heron v. Rappa*, No. 3:11-cv-423-J, 2012 WL 2589231, at *7 (M.D. Fla. Feb. 6, 2012) (recognizing the State Attorney's Office as a state agency); *see also Boling v. City of Longwood*, No. 6:21-cv-129, 2021 WL 7287614, at *5 (M.D. Fla. Dec. 20, 2021) (collecting cases for the proposition that claims against state attorney's office are barred by the Eleventh Amendment).

As to Defendant Shobe, prosecutors also have absolute immunity from § 1983 actions that arise from the prosecutor's conduct "intimately associated with the judicial phase of the criminal process."  *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir. 2009) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 340–41 (2009)).  The "initiation and pursuit of prosecution" are actions covered by this immunity.  *Hoffman v. Off. of State Att'y, Fourth Jud. Cir.*, 793 F. App'x 945, 950 (11th Cir. 2019).  Such absolute immunity applies to a prosecutor's actions when the prosecutor is acting as an advocate for the State, even where those actions may have been "wrongful or malicious."  *Hart*, 587 F.3d at 1295, 1298.  Because Plaintiff's allegations against Defendant Shobe relate entirely to her initiation of and participation in his state criminal prosecution, she is immune from suit.

Moreover, even to the extent he could raise these claims against a proper defendant, he still cannot state a claim.  "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."  *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v.*

3

*Kato*, 549 U.S. 384, 388–89 (2007)).  However, if an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest.  *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest.").  A claim for malicious prosecution, on the other hand, accrues when a seizure happens "pursuant to legal process" but requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his favor and caused damage to him."  *Williams*, 965 F.3d at 1157 (internal quotation marks omitted).

The Court takes judicial notice of Plaintiff's state criminal docket, which shows that Plaintiff was arrested for burglary on October 29, 2025, and the trial court made a finding of probable cause the same day.  *See State v. Bell*, Case No. 2025-CF-6423 (Fla. 4th Cir. Ct.).[3]  Because Plaintiff's arrest was supported by probable cause, he cannot sue the arresting officer under a theory of false arrest.  Similarly, he cannot maintain a claim for malicious prosecution because the criminal charges that were pending at the time of filing this Complaint have since resulted in a conviction, and in other words, the criminal charges have not "terminated in his favor."  *See Williams*, 965 F.3d at 1157.  Accordingly, because Plaintiff fails to state a plausible claim for relief under § 1983, his complaint will be dismissed without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[3] A district court may take judicial notice of the contents of a publicly available docket sheet.  *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him).

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on July 14, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12
C:   Christopher Maurice Bell, J58842

5